IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAYMOND CHABOYA,

     Plaintiff,                    No. CIV S-04-0557 KJM

    vs.

JO ANNE B. BARNHART,
Commissioner of Social Security,

     Defendant.                <u>ORDER</u>

_____/

        Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying an application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("Act").  For the reasons discussed below, the court will grant plaintiff's motion for remand and deny the Commissioner's cross-motion for summary judgment.

/////

/////

/////

/////

1

I.  Factual and Procedural Background

In a decision dated September 25, 2003, the ALJ determined plaintiff was not disabled.[1]  The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review.  The ALJ found plaintiff has severe back and knee pain and obesity but that he does not have a listed impairment; plaintiff is not substantially credible; plaintiff has the residual functional capacity to perform the full range of light work; plaintiff cannot perform his past relevant work; and using the medical-vocational guidelines, plaintiff is not disabled.  Administrative Transcript ("AT") 16-17.  Plaintiff contends the ALJ improperly assessed the severity of his impairments, improperly discredited plaintiff's subjective

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq.  Supplemental Security Income ("SSI") is paid to disabled persons with low income.  42 U.S.C. § 1382 et seq.  Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment."  42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A).  A five-step sequential evaluation governs eligibility for benefits.  See 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987).  The following summarizes the sequential evaluation:

> Step one:  Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.
> Step two:  Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
> Step three:  Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.
> Step four:  Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.
> Step five:  Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  Bowen, 482 U.S. at 146 n.5.  The Commissioner bears the burden if the sequential evaluation process proceeds to step five.  Id.

2

complaints, committed error at step three of the sequential analysis, and improperly assessed plaintiff's residual functional capacity.

II. Standard of Review

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards under 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. Copeland v. Bowen, 861 F.2d 536, 538 (9th Cir. 1988) (citing Desrosiers v. Secretary of Health and Human Services, 846 F.2d 573, 575-76 (9th Cir. 1988)). Substantial evidence means more than a mere scintilla of evidence, but less than a preponderance. Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996) (citing Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975)). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 402, 91 S. Ct. 1420 (1971) (quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229, 59 S. Ct. 206 (1938)). The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's conclusion weighed. See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

III. Analysis

A. Severe Impairments

Plaintiff contends the ALJ failed to properly assess the severity of his impairments. An impairment is not severe only if it "would have no more than a minimal effect

3

on an individual's ability to work, even if the individual's age, education, or work experience were specifically considered." SSR 85-28. The purpose of step two is to identify claimants whose medical impairment is so slight that it is unlikely they would be disabled even if age, education, and experience were taken into account. Bowen v. Yuckert, 482 U.S. 137, 107 S. Ct. 2287 (1987). "The step-two inquiry is a de minimis screening device to dispose of groundless claims." Smolen v. Chater 80 F.3d 1273, 1290 (9th Cir. 1996).

In the findings section of the ALJ's decision, the ALJ listed severe impairments of severe back and knee pain and obesity. AT 16 (Finding no. 2). In the body of the decision, however, the ALJ does not expressly address which impairments are found to be severe at step two of the sequential analysis. For instance, the ALJ mentions plaintiff's ability to perform heavy lifting has been compromised by back pain. AT 14. Presumably, by this statement, the ALJ is indicating a severe impairment because such a limitation imposes "more than a minimal effect" on the ability to work. In a jumbled discussion addressing in one paragraph plaintiff's credibility, the weight assigned to various medical opinions of record, and residual functional capacity, the ALJ analyzes plaintiff's bilateral knee pain and weakness. AT 14-15. Again, because the findings section lists knee pain, this paragraph is apparently intended to serve as a basis for that finding.

The referenced paragraph also notes plaintiff has been diagnosed with morbid obesity but then goes on to state there are no secondary medical complications from the obesity. AT 15. Obesity was eliminated from the Listing of Impairments (Listing 9.09) because the Social Security Administration determined that the criteria in the Obesity Listing did "not represent a degree of functional limitation that would prevent an individual from engaging in any gainful activity." Social Security Ruling (SSR) 02-01p. Obesity remains, however, a factor that may be considered at any step in the sequential evaluation. See id. The ruling further provides:

/////

/////

> [W]e will not make assumptions about the severity or functional effects of obesity combined with other impairments. Obesity in combination with another impairment may or may not increase the severity or functional limitations of the other impairment. We will evaluate each case based on the information in the case record.

Id.

What is not clear from the ALJ's decision is whether obesity, although listed as a severe impairment in the findings section, was fully factored into the sequential analysis. It appears that it was not. In light of the medical opinions, which imposed functional limitations due in part to plaintiff's obesity (AT 94-98, 135-142, 150-152[2]), the matter will be remanded so that a complete analysis of plaintiff's obesity can be properly factored into all steps of the sequential analysis in accordance with Social Security Ruling 02-01p.

Plaintiff also argues the ALJ failed to recognize as severe a number of other alleged impairments, including lower extremity edema, respiratory problems, borderline high blood pressure, psoriasis and hepatitis C. Pl.'s Mem. P. & A. at 3:10-15. Although the burden is on plaintiff at step two of the sequential evaluation, see Tidwell v. Apfel, 161 F.3d 599, 601 (9th Cir. 1998), counsel for plaintiff has offered no meaningful argument in support of the claim that the ALJ erred in omitting these alleged impairments at step two. A mere recitation of medical diagnoses does not demonstrate how each of the conditions included in that recitation impacts plaintiff's ability to engage in basic work activities. Put another way, a medical diagnosis does not an impairment make. There was no error in failing to identify these alleged impairments as severe.

---

[2] The Appeals Council made Dr. Ralik's October 7, 2003 report part of the administrative record. AT 7, 149-153. Accordingly, this court will review the ALJ's decision under the substantial evidence standard with due consideration of Dr. Ralik's report. See Harman v. Apfel, 211 F.3d 1172, 1179-80 (9th Cir. 2000) (where plaintiff submitted additional materials to the Appeals Council in requesting review of the ALJ's decision, court may properly consider the additional materials because the Appeals Council addressed them in the context of denying plaintiff's request for review); see also Ramirez v. Shalala, 8 F.3d 1449, 1451-52 (9th Cir. 1993) (noting that where the Appeals Council declined to review the decision of the ALJ after examining the entire record, including new material, court considers both the ALJ's decision and the additional materials submitted to the Appeals Council).

B.  Remand

If additional administrative proceedings would remedy defects in an ALJ's decision, remand is appropriate. Salvador v. Sullivan, 917 F.2d 13, 15 (9th Cir. 1990). In this case, plaintiff also assigns error to the ALJ's credibility determination, the step three finding, and the assessment of residual functional capacity at step five. As noted above, because of the lack of discussion in the ALJ's decision of how obesity factored into the sequential analysis, this court cannot give meaningful review to the ALJ's findings. The case therefore will be remanded for further findings in this regard. Moreover, the ALJ did not have before him Dr. Ralik's report, which if accorded controlling weight, would significantly alter the outcome of this case. Because the ALJ did not have the opportunity to review Dr. Ralik's report, the matter will be remanded so that the Commissioner may determine the appropriate weight to give the report.

For the foregoing reasons, this matter will be remanded under sentence four of 42 U.S.C. § 405(g) for further findings addressing the deficiencies noted above.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for remand is granted;

2. The Commissioner's cross-motion for summary judgment is denied; and

3. This matter is remanded for further proceedings consistent with this order.

DATED:  September 27, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

006
chaboya.ss